# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUN 23 2022<br><br>BY<br>~~Stephany Farias~~ DEPUTY |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THC - Orange County, LLC, a California Limited Liability Company; Charles, an individual; Leila, an individual; Adelle, an individual; Ruth, an individual; and DOES 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Silvia Villasenor, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  247 West 3rd St,, San Bernardino, CA 92415-0210, San Bernardino Justice Center | **CASE NUMBER:** *(Número del Caso):*<br>CIV SB 2 2 1 1 8 0 0 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Martin Sullivan, Sullivan Employment Law PC, 1801 Century Park East, Ste. 850, Los Angeles, CA 90067, 323-645-5470

| DATE: JUN 23 2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* ~~Stephany Farias~~ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* THC - Orange County, LLC, a California Limited Liability Company
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

[SEAL] COPY

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**SULLIVAN EMPLOYMENT LAW, P.C.**
Martin E. Sullivan, CA Bar No 274279
martin@sullivanlawgrp.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Telephone: (323) 645-5470

Attorneys for Plaintiff Silvia Villasenor

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 1 0 2022

BY _____
Stephanie Panasuy   DEPUTY

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| Silvia Villasenor, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>THC - Orange County, LLC, a California Limited Liability Company; Charles, an individual; Leila, an individual; Adelle, an individual; Ruth, an individual; and DOES 1 to 100, inclusive,<br><br>      Defendants. | Case No.: **CIV SB 2 2 1 1 8 0 0**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) DISCRIMINATION ON THE BASIS OF DISABILITY UNDER FEHA;**<br>**(2) FAILURE TO REASONABLY ACCOMMODATE UNDER FEHA;**<br>**(3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH UNDER FEHA;**<br>**(4) DISCRIMINATION ON THE BASIS OF AGE UNDER FEHA;**<br>**(5) HARASSMENT ON THE BASIS OF DISABILITY UNDER FEHA;**<br>**(6) HARASSMENT ON THE BASIS OF AGE UNDER FEHA;**<br>**(7) RETALIATION UNDER FEHA;**<br>**(8) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION UNDER FEHA;**<br>**(9) VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT ("CFRA") and FAMILY MEDICAL LEAVE ACT ("FMLA")**<br>**(10) RETALIATION UNDER THE CFRA AND FMLA; and**<br>**(11) VIOLATION OF CALIFORNIA'S EQUAL PAY ACT.**<br><br>**DEMAND FOR JURY TRIAL** |

1.     Plaintiff Silvia Villasenor, ("Plaintiff") against defendants THC - Orange County, LLC, a California Limited Liability Company; Charles, an individual; Leila, an individual; Adelle, an individual; Ruth, an individual; and DOES 1 to 100 (collectively, "Defendants"), on personal knowledge with respect to herself and her own acts, and, on information and belief as to all other matters, respectfully alleges as follows:

## I.     SUMMARY

2.     Plaintiff brings this action against Defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to, *inter alia*, Government Code section 12965(b), Labor Code section 1197.5(h), and Code of Civil Procedure section 1021.5. Plaintiff reserves all rights to seek damages, fees, and costs pursuant to applicable law.

## II.     VENUE

3.     Venue is proper in this Court under C.C.P. § 395(a), because a substantial part of the events giving rise to the claims in this lawsuit occurred in San Bernardino, California, in San Bernardino County, California. Venue is therefore proper in San Bernardino County.

## III.     JURISDICTION

4.     This Court has jurisdiction over Plaintiff's claims pursuant to, *inter alia*, California Government Code § 12965(b) and the California Constitution Article VI, § 10.

## IV.     PARTIES

5.     Plaintiff is, and at all times mentioned in this Complaint was, a resident of San Bernardino County and citizen of California.

6.     Defendant THC - Orange County, LLC ("THC") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of San Bernardino. THC's place of business was and is in the County of San Bernardino and other surrounding counties.

7.     Defendants Charles [Last Name Unknown], Leila [Last Name Unknown], Adelle [Last Name Unknown], and Ruth [Last Name Unknown] ("Individual Defendants") are, and at all times mentioned in this Complaint were residents and citizens of the County of San Bernardino.

8.     Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-Defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-Defendants. The named Defendants and Doe Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

9.     All Defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i), and as applicable, Labor Code section 1197.5. All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised dominion and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during

1  employment with all Defendants, were taken on behalf of all Defendants, and were engaged in,

2  authorized, ratified, and approved of by all other Defendants.

3          10.      Defendants directly employed Plaintiff, as defined in the Fair Employment and

4  Housing Act ("FEHA") at Government Code section 12926(d).

5          11.      California courts have recognized that the definition of "employer" for purposes of

6  enforcement of the California Labor Code goes beyond the concept of traditional employment to

7  reach irregular working arrangements for the purpose of preventing evasion and subterfuge of

8  California's labor laws. *Martinez v. Combs* (2010) 49 Cal.4th 35, 65.  As such, anyone who directly

9  or indirectly, or through an agent or any other person, engages, suffers, or permits any person to work

10  or exercises control over the wages, hours, or working conditions of any person, may be liable for

11  violations of the California Labor Code as to that person.  See, Labor Code sections 558 and 558.1.

12  Defendants personally controlled Plaintiff's wages, hours, working conditions, and suffered and

13  permitted Plaintiff to work, and thus is jointly and severally liable as an employer for all damages

14  stemming from all claims.

15          12.      In addition, Defendants compelled, coerced, aided, and abetted the discrimination,

16  harassment, and retaliation, which is prohibited under California Government Code section 12940(i).

17          13.      Finally, at all relevant times mentioned herein, all Defendants acted as agents of all

18  other Defendants in committing the acts alleged herein.

19                          **FACTS COMMON TO ALL CAUSES OF ACTION**

20          14.      *Plaintiff's hiring*: THC hired Plaintiff approximately 15 or more years ago.

21          15.      *Plaintiff's protected status and activity and Defendants' adverse employment actions*

22  *and behavior*:

23                  a.      Plaintiff is over 60 years old. Defendants paid Plaintiff less than younger

24                          workers with less work experience and qualifications.

25                  b.      Plaintiff experienced a disabling condition in 2022 and notified THC of her

26                          need for an accommodation in or around March 2022.

27

28                                          PLAINTIFF'S COMPLAINT
                                                      3

c.  The Individual Defendants and others harassed Plaintiff by intentionally assigning her heavier workloads and more difficult assignments than younger and non-disabled employees despite Plaintiff's requests for a fair and equitable workload.

d.  Plaintiff then went out on protected leave related to her disability. THC did not timely provide Plaintiff with the requisite paperwork related to her rights under the California Family Rights Act and Family and Medical Leave Act.

e.  Plaintiff delivered doctor's notes to THC in March and April 2022 related to her disability.

f.  THC terminated Plaintiff on or about April 24, 2022, in retaliation for being disabled, older, requesting an accommodation, and taking protected leave. THC hired and maintained younger employees, non-disabled employees, employees who did not request accommodations, and employees who did not take protected leave.

g.  THC failed to engage in a good faith interactive process and reasonably accommodate Plaintiff.

h.  Prior to her termination, Defendants paid Plaintiff less than non-disabled workers and those who did not request modified duties and/or request or take protected leave as an accommodation.

i.  Defendants failed to prevent harassment, discrimination, and retaliation.

j.  Defendants paid Plaintiff less than individuals performing substantially similar work on account of her race/ethnicity (Hispanic) and sex (female).

16.  *Economic damages*: As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer harm, including but not limited to, back wages, premiums, front wages, and lost benefits. Plaintiff has also incurred medical charges that otherwise would have been covered by insurance, had Defendants' not wrongfully terminated him.

17.    *Non-economic damages*: As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

18.    *Punitive damages*: Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

a.    *Malice*: Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff on the basis of her disability and/or in retaliation for requesting an accommodation and/or in retaliation for using protected leave associated with her disability.

b.    *Oppression*: In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that Defendants' actions against Plaintiff because of her health issues and use of protected leave related to those health issues. Defendants' conduct was "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a workplace free of retaliation, discrimination, and harassment.

c.    *Fraud*: In addition, and/or alternatively, Defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Defendants asserted false (pretextual) grounds for its adverse job actions against Plaintiff, thereby to cause Plaintiff hardship and deprive her of legal rights.

19.    *Attorneys' fees*: Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

20.    *Interest*: all interest accrued on outstanding amounts owed.

21.    *Exhaustion of administrative remedies*: Prior to filing this action, Plaintiff exhausted

1    administrative remedies by filing a timely administrative complaint with the Department of Fair

2    Employment and Housing ("DFEH") and/or Equal Employment Opportunity Commission ("EEOC")

3    and receiving a DFEH and/or EEOC right-to- sue letter. Plaintiff also filed, on her behalf and on

4    behalf of all aggrieved employees, a notice letter with the Labor Workforce Development Agency

5    allowing her to pursue a PAGA action for penalties against Defendants.

### FIRST CAUSE OF ACTION
**Disability Discrimination in Violation of FEHA**
**(Government Code, §§ 12940(a), (d), (e), 12926(o), 12965, *et seq.*)**
**Against THC, and Does 1 to 100, Inclusive**

22.    Plaintiff hereby incorporates by reference the preceding paragraphs above as if fully set forth herein.

23.    Plaintiff was disabled or perceived disabled at all pertinent times to this complaint, and so protected under Government Code sections 12926 and 12940, *et seq.*,

24.    Defendants discriminated against Plaintiff by treating her in a disparate manner as compared to the non-disabled and terminating her for her disability and/or perceived disability.

25.    Defendants' conduct, as alleged, violated FEHA, Government Code sections 12926 and 12940, *et seq.*, and Defendants committed unlawful employment practices, including but not limited to terminating Plaintiff for her disability and/or perceived disability;

26.    As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

27.    As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

28.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

29.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

1  Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys'
2  fees and costs (including expert costs) in an amount according to proof.

### SECOND CAUSE OF ACTION
**Failure to Accommodate in Violation of FEHA**
**(Government Code, §§ 12940(a), (m), 12965, *et seq.*)**
**Against THC, and Does 1 to 100, Inclusive**

6      30.    Plaintiff hereby incorporates by reference the preceding paragraphs above as if fully
7  set forth herein.

8      31.    Plaintiff's was disabled and/or perceived disabled at all pertinent times to this
9  complaint and so protected under Government Code sections 12926 and 12940, *et seq.*,

10     32.    Defendants' conduct, as alleged, violated FEHA, Government Code sections 12926
11  and 12940, *et seq.*, and Defendants committed unlawful employment practices, including but not
12  limited to failing to accommodate Plaintiff for her disability, although Defendants were fully aware
13  that Plaintiff had health concerns that triggered the interactive process and the provision of a
14  reasonable accommodations;

15     33.    As a proximate result of Defendants' willful, knowing, and intentional failure to
16  accommodate Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings
17  and other employment benefits.

18     34.    As a proximate result of Defendants' willful, knowing, and intentional failure to
19  accommodate Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress,
20  and physical and mental pain and anguish, all to her damage in a sum according to proof.

21     35.    Defendants' misconduct was committed intentionally, in a malicious, despicable,
22  oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

23     36.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.
24  Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys'
25  fees and costs (including expert costs) in an amount according to proof.

## THIRD CAUSE OF ACTION
### Failure to Engage in a Timely, Good Faith, Interactive Process in Violation of FEHA
(Government Code, §§ 12940(a), (n), 12926(o), 12965, *et seq.*)
### Against THC, and Does 1 to 100, Inclusive

37.     Plaintiff hereby incorporates by reference the preceding paragraphs above as if fully set forth herein.

38.     Plaintiff's was disabled and/or perceived disabled at all pertinent times to this complaint, and so protected under Government Code sections 12926 and 12940, *et seq.*.

39.     Defendants' conduct, as alleged, violated FEHA, Government Code sections 12926 and 12940, *et seq.*, and Defendants committed unlawful employment practices, including but not limited to failing to engage in a timely, good faith, interactive process with Plaintiff regarding her disability, although Defendants were fully aware that Plaintiff had health concerns that triggered the interactive process and the provision of a reasonable accommodations;

40.     Moreover, Defendants violated FEHA, Government Code sections 12926 and 12940, when it perceived Plaintiff to be disabled, fired her for that reason, and yet failed to engage in the interactive process to determine the limitations of her disability and whether Plaintiff could perform the essential functions of her job with or without accommodation;

41.     As a proximate result of Defendants' willful, knowing, and intentional failure to engage in a timely, good faith interactive process with Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

42.     As a proximate result of Defendants' willful, knowing, and intentional failure to engage in a timely, good faith interactive process, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage.

43.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

44.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## FOURTH CAUSE OF ACTION
### Age Discrimination in Violation of FEHA
**(Government Code, §§ 12940(a), (d), (e), 12926(o), 12965, *et seq.*)**
### Against THC, and Does 1 to 100, Inclusive

45.     Plaintiff hereby incorporates by reference the preceding paragraphs above as if fully set forth herein.

46.     Plaintiff was over 40 years of age at all pertinent times to this complaint, and so protected under Government Code sections 12926 and 12940, *et seq.*,

47.     Defendants discriminated against Plaintiff by treating her in a disparate manner as compared to those individuals younger than her.

48.     Defendants' conduct, as alleged, violated FEHA, Government Code sections 12926 and 12940, *et seq.*, and Defendants committed unlawful employment practices, including but not limited to terminating Plaintiff because she was over 60, while retaining younger employees to do her job;

49.     As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

50.     As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

51.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

52.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**FIFTH CAUSE OF ACTION**
**Disability Harassment in Violation of FEHA**
**(Government Code, §§ 12940(i), (k), 12926(o), 12965, *et seq.*)**
**Against All Defendants, and Does 1 to 100, Inclusive**

53.     Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

54.     At all times herein mentioned, FEHA, Government Code section 12940 *et seq.*, was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from harassing their employees on the basis of disability and perceived disability. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

55.     As identified herein, during Plaintiff's employment with Defendants, Defendants engaged in actions that constituted disability harassment of Plaintiff. These actions created a hostile working environment for Plaintiff. The state legislate set a low bar for establishing a harassment claim by promulgating Government Code § 12923:

> ***harassment*** creates a hostile, offensive, oppressive, or intimidating work environment and deprives victims of their statutory right to work in a place free of discrimination when the harassing conduct sufficiently offends, humiliates, distresses, or ***intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being***. In this regard, the Legislature affirms its approval of the standard set forth by Justice Ruth Bader Ginsburg in her concurrence in *Harris v. Forklift Systems* (1993) 510 U.S. 17 that in a workplace harassment suit "the plaintiff need not prove that his or her tangible productivity has declined as a result of the harassment. It suffices to prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that ***the harassment so altered working conditions as to make it more difficult to do the job***." (*Id.* at 26) (emphasis added).

56.     All of these actions were taken against Plaintiff's will and desire and over her

1 | protests. These harassing acts occurred when Plaintiff informed Defendants that she was suffering
2 | from a medical condition. Defendants harassed Plaintiff for her disability, saddled her with even more
3 | difficult work and workloads than non-disabled employees, and took no action to prevent the
4 | harassment of Plaintiff, ultimately terminating Plaintiff for her disability.

5 |      57.    As a proximate result of Defendants' willful, knowing, and intentional harassment of
6 | Plaintiff, Plaintiff has sustained and continues to sustain damages, including losses of earnings and
7 | benefits, according to proof.

8 |      58.    As a proximate result of Defendants' willful, knowing, and intentional harassment of
9 | Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental
10 | and physical pain and anguish, all to is damage in a sum according to proof.

11 |      59.    Defendants' harassment was done intentionally, in a malicious, oppressive,
12 | fraudulent manner, entitling Plaintiff to punitive damages.

13 |      60.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.
14 | Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave
15 | of court to amend this Complaint when the amounts are known

16 |
17 | ### SIXTH CAUSE OF ACTION
**Age Harassment in Violation of FEHA**
**(Government Code, §§ 12940(i), (k), 12926(o), 12965, *et seq.*)**
**Against All Defendants, and Does 1 to 100, Inclusive**
18 |

19 |      61.    Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set
20 | forth herein.

21 |      62.    At all times herein mentioned, FEHA, Government Code section 12940 *et seq.*, was
22 | in full force and effect and was binding on Defendants. This statute requires Defendants to refrain
23 | from harassing their employees on the basis of age. Within the time provided by law, Plaintiff filed a
24 | complaint with the DFEH, in full compliance with administrative requirements, and received a right-
25 | to-sue letter.

26 |      63.    As identified herein, during Plaintiff's employment with Defendants, Defendants
27 |
28 |

engaged in actions that constituted age harassment of Plaintiff. These actions created a hostile working environment for Plaintiff. The state legislate set a low bar for establishing a harassment claim by promulgating Government Code § 12923:

> *harassment* creates a hostile, offensive, oppressive, or intimidating work environment and deprives victims of their statutory right to work in a place free of discrimination when the harassing conduct sufficiently offends, humiliates, distresses, or *intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being*. In this regard, the Legislature affirms its approval of the standard set forth by Justice Ruth Bader Ginsburg in her concurrence in *Harris v. Forklift Systems* (1993) 510 U.S. 17 that in a workplace harassment suit "the plaintiff need not prove that his or her tangible productivity has declined as a result of the harassment. It suffices to prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that *the harassment so altered working conditions as to make it more difficult to do the job*." (*Id.* at 26) (emphasis added).

64.     All of these actions were taken against Plaintiff's will and desire and over her protests. These harassing acts occurred due to Plaintiff's age—over 60. Defendants harassed Plaintiff for her age, saddled her with even more difficult work and workloads than younger employees, and took no action to prevent the harassment of Plaintiff, ultimately terminating Plaintiff due to her age.

65.     As a proximate result of Defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain damages, including losses of earnings and benefits, according to proof.

66.     As a proximate result of Defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to is damage in a sum according to proof.

67.     Defendants' harassment was done intentionally, in a malicious, oppressive,

1  fraudulent manner, entitling Plaintiff to punitive damages.

2  68.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

3  Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave

4  of court to amend this Complaint when the amounts are known

5

6                          **SEVENTH CAUSE OF ACTION**
                           **Retaliation in Violation of FEHA**
7          **(Government Code, §§ 12940(i), (k), 12926(o), 12965, *et seq.*)**
                    **Against THC, and Does 1 to 100, Inclusive**
8
   69.     Plaintiff hereby incorporates by reference the preceding paragraphs above as if fully
9  set forth herein.

10 70.     Plaintiff engaged in protected conduct by requesting accommodations, including

11 lighter duty and leave as an accommodation;

12 71.     Plaintiff ultimately took leave related to her disability;

13 72.     Defendants retaliated against Plaintiff for her requests for accommodation and taking

14 of protected leave by terminating her.

15 73.     As a proximate result of Defendants' willful, knowing, and termination of Plaintiff

16 for requesting a reasonable accommodation for her disability and/or other protective activity, Plaintiff

17 has sustained and continues to sustain substantial losses of earnings and other employment benefits.

18 74.     As a proximate result of Defendants' willful, knowing, and intentional retaliation

19 against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

20 physical and mental pain and anguish, all to her damage in a sum according to proof.

21 75.     Defendants' misconduct was committed intentionally, in a malicious, despicable,

22 oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

23 76.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

24 Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys'

25 fees and costs (including expert costs) in an amount according to proof.

26

27

                              PLAINTIFF'S COMPLAINT
28                                      13

## EIGHTH CAUSE OF ACTION
### Failure to Prevent Disability Discrimination and Retaliation in Violation of FEHA
### (Government Code, §§ 12940(i), (k), 12926(o), 12965, *et seq.*)
### Against THC, and Does 1 to 100, Inclusive

77.     Plaintiff hereby incorporates by reference the preceding paragraphs above as if fully set forth herein.

78.     At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on Defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

79.     During the course of Plaintiff's employment, Defendants failed to prevent its employees from engaging in intentional actions that resulted in Plaintiff's being treated less favorably because of Plaintiff's protected status (i.e., disability and/or perceived disability, age, etc.). During the course of Plaintiff's employment, Defendants failed to prevent a pattern and practice by its decision makers from targeting and terminating Plaintiff because of her disability and age.

80.     As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

81.     As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

82.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

83.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

//

//

## NINTH CAUSE OF ACTION
**Violation of Rights Under California Family Rights Act and Family Medical Leave Act Against THC, and Does 1 to 100, Inclusive**

84.     Plaintiff hereby incorporates by reference the preceding paragraphs above as if fully set forth herein.

85.     Plaintiff was eligible under the California Family Rights Act for the benefits provided therein. Specifically, he worked at least 1,250 hours in the prior year (before requesting the benefit) and Defendants have at least 50 employees.

86.     Plaintiff was eligible under the Family Medical Leave Act for the benefits provided therein. Specifically, he worked at least 1,250 hours in the prior year (before requesting the benefit) and Defendants have at least 50 employees within 75 miles.

87.     Plaintiff suffered a serious health condition and notified her employer of her need to take time off to treat that condition.

88.     Plaintiff worked with the Company to provide all required documentation, but the Company willfully failed to provide all information necessary under the CFRA and FMLA. Moreover, the Company was not proactive in ensuring Plaintiff's rights were protected, although she was proactive in providing the necessary information to avail herself of the benefits afforded under the CFRA and FMLA.

89.     Defendants refused to grant Plaintiff all rights under the CFRA and FMLA, terminating her for requesting and taking leave.

90.     As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

91.     As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

92.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Under

PLAINTIFF'S COMPLAINT
15

1   the CFRA and FMLA, Plaintiff is entitled to recover reasonable attorneys' fees and costs (including

2   expert costs) in an amount according to proof.

3        93.     Defendants' misconduct was committed intentionally, in a malicious, despicable,

4   oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

5

6                               **TENTH CAUSE OF ACTION**
                   **Retaliation Under California Family Rights Act and Family Medical Leave Act**
7                            **Against THC, and Does 1 to 100, Inclusive**

8        94.     Plaintiff hereby incorporates by reference the preceding paragraphs above as if fully

9   set forth herein.

10       95.     Plaintiff was eligible under the California Family Rights Act for the benefits provided

11  therein. Specifically, he worked at least 1,250 hours in the prior year (before requesting the benefit)

12  and Defendants have at least 50 employees.

13       96.     Plaintiff was eligible under the Family Medical Leave Act for the benefits provided

14  therein. Specifically, he worked at least 1,250 hours in the prior year (before requesting the benefit)

15  and Defendants have at least 50 employees within 75 miles.

16       97.     Plaintiff suffered a serious health condition and notified her employer of her need to

17  take time off to treat that condition.

18       98.     Plaintiff requested time off and took time off. However, soon thereafter, Defendants

19  terminated Plaintiff in retaliation for her request for and use of leave.

20       99.     Defendants retaliated against Plaintiff for seeking to avail herself of her rights under

21  CFRA and FMLA, specifically terminating her.

22       100.    As a proximate result of Defendants' willful, knowing, and intentional misconduct,

23  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment

24  benefits.

25       101.    As a proximate result of Defendants' willful, knowing, and intentional misconduct,

26  Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental

27

28
                            PLAINTIFF'S COMPLAINT
                                      16

1    pain and anguish, all to her damage in a sum according to proof.

2        102.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Under

3    the CFRA and FMLA, Plaintiff is entitled to recover reasonable attorneys' fees and costs (including

4    expert costs) in an amount according to proof.

5        103.    Defendants' misconduct was committed intentionally, in a malicious, despicable,

6    oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

7

8                        **ELEVENTH CAUSE OF ACTION**
                **Violation of California's Equal Pay Act (Labor Code § 1197.5)**
9                        **Against THC, and Does 1 to 100, Inclusive**

10       104.    Plaintiff hereby incorporates by reference the preceding paragraphs above as if fully

11   set forth herein.

12       105.    Labor Code § 1197.5(a) provides that "Every current and former employee, or his or

13   her representative, has the right to inspect and receive a copy of the personnel records that the

14   employer maintains relating to the employee's performance or to any grievance concerning the

15   employee."

16       106.    The California Equal Pay Act (EPA) exists "to ensure that employees performing

17   equal work are paid equal wages without regard to gender." (*Hall v. County of Los Angeles* (2007)

18   148 Cal. App. 4th 318, 323.)

19       107.    According to the California Equal Pay Act, "[a]n employer shall not pay any of its

20   employees at wage rates less than the rates paid to employees of the opposite sex for substantially

21   similar work, when viewed as a composite of skill, effort, and responsibility, and performed under

22   similar working conditions." (Labor Code§ 1197.5(a).)

23       108.    Similarly, "[a]n employer shall not pay any of its employees at wage rates less than

24   the rates paid to employees of another race or ethnicity for substantially similar work, when viewed

25   as a composite of skill, effort, and responsibility, and performed under similar working conditions."

26   (Labor Code§ 1197.5(b).)

27

28

109.     The three-stage burden shifting analysis used to establish sex and race/ethnicity discrimination under the federal Equal Pay Act is applied to a claim under Labor Code§ 1197.5. (*Green v. Par Tools, Inc.*, 111 Cal.App.4th 620, at 623-626 (2003).

110.     The elements of a prima facie case under the EPA are:

    a.   (1) the employer paid a male employee more than a female employee, or an employee of one ethnicity less than that of another ethnicity;

    b.   (2) for substantially similar work on jobs the performance of which requires equal skill, effort, and responsibility, and

    c.   (3) which are performed under similar working conditions.

(*Green v. Par Pools, Inc.*, supra, 111 Cal.App.4th at p. 628; *Corning Glass Works v. Brennan* (1974) 417 U.S. 188, 195; CACI No. 2740 (2019).)

111.     To make this prima facie showing, a plaintiff must ultimately demonstrate that she is paid lower wages than an appropriate "male comparator" for equal work. (*Hall v. County of Los Angeles* (2007) 148 Cal.App.4th 318, 324-325.) An EPA plaintiff "need only establish that she was paid less than a single male employee for equal work on the basis of sex to prevail on her claim" and "need not establish a pattern and practice of sex discrimination." (*Dubowsky v. Stern, Lavinthal, Norgaard & Daly* (D.N.J. 1996) 922 F.Supp. 985, 990-991.)

112.     Here, Plaintiff was paid less than her male and/or  non-Hispanic colleagues performing substantially similar work under similar working conditions.

113.     An employee receiving less than the wage to which the employee is entitled under this section may recover in a civil action the balance of the wages, including interest thereon, and an equal amount as liquidated damages, together with the costs of the suit and reasonable attorney's fees, notwithstanding any agreement to work for a lesser wage.

114.     Plaintiff has lost wages, benefits, fees, and costs, and seeks these plus liquidated damages by this suit.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has the right to jury trial. The amount demanded exceeds $25,000. [Government Code § 72055.]

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff requests the following relief:

a. For general and special damages according to proof;

b. For exemplary and punitive damages, according to proof;

c. For pre-judgment and post-judgment interest on all damages awarded;

d. For reasonable attorneys' fees;

e. For costs of suit incurred;

f. For declaratory and injunctive relief;

g. For penalties according to proof;

h. For liquidated damages according to proof; and

i. For such other and further relief as the Court may deem just and proper.

Dated: June 9, 2022                    Respectfully submitted,

_____
Martin Sullivan, Esq.
*Attorneys for Plaintiff*