UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA VILLASENOR,<br><br>    Plaintiff,<br><br>v.<br><br>THC – ORANGE COUNTY, LLC et al.,<br><br>    Defendants. | Case No. 5:22-cv-01302-SB-JEM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO REMAND [DKT. NO. 18] |

    Plaintiff filed this lawsuit in state court alleging violations of California law and the federal Family and Medical Leave Act (FMLA) arising from her employment with Defendant.  Dkt. No. 1-1.  Defendant removed the case on July 26, 2022, asserting federal question jurisdiction based on the federal claims in Plaintiff's complaint.  Dkt. No. 1 at 2, 3–5.  Plaintiff seeks leave to amend her complaint to eliminate all allegations under the FMLA, leaving only claims under state law.  Dkt. No. 18.  Plaintiff represents that prior to filing this motion, counsel met, conferred, and "thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part."  Dkt. No. 19 at 2.[1]  Defendant does not oppose Plaintiff's motion to amend, but "adamantly opposes Plaintiff's motion to remand."  Dkt. No. 23 at 2.  The Court finds this matter suitable for decision without oral argument and vacates the October 14, 2022 motion hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

    For removal to be appropriate under 28 U.S.C. § 1441, "a federal question must appear on the face of a properly pleaded complaint."  Leave to amend "shall

---

[1] The parties violated the requirement that they meet and confer in person or by videoconference.  Dkt. No. 9 at § 6(a)(i) (standing order).  Counsel for the parties are admonished that such a violation in a future case may result in appropriate sanctions.

be freely given when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff's initial complaint asserted claims under federal law, and Defendant properly removed. Plaintiff's unopposed motion for leave to amend her complaint would remove all federal allegations in the complaint. Because the motion is unopposed and in light of the liberal standard for authorizing leave to amend, the Court GRANTS Plaintiff's motion to amend and ACCEPTS the Plaintiff's proposed amended complaint as the First Amended Complaint (FAC). The Court must now determine whether to continue to exercise supplemental jurisdiction over the FAC.

A district court can "decline to exercise supplemental jurisdiction whenever all claims over which it has original jurisdiction have been dismissed from the case." *Consuelo Griego v. Tehama L. Grp., P.C.*, No. 20-CV-02441-LHK, 2020 WL 4923967, at *3 (N.D. Cal. Aug. 21, 2020). Since the federal claims were removed from the complaint, both parties concede the question of remand is left to the Court's discretion. Dkt. Nos. 18 at 8, 23 at 5. After considering the principles of economy, convenience, fairness, and comity, the Court DECLINES to exercise supplemental jurisdiction. State court is an adequate forum, and the federal claims were "eliminated at the pleading phase." *Bay Area Surgical Mgmt., LLC. v. United Healthcare Ins. Co.*, No. C 12-01421 SI, 2012 WL 3235999, at *5 (N.D. Cal. Aug. 6, 2012). As the Supreme Court has stated, "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court [has] powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).[2]

Although Defendant asserts that Plaintiff is attempting to manipulate the forum in which her case is heard, the Ninth Circuit has concluded that the type of action taken here does not constitute manipulation. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) (rejecting manipulation argument when the plaintiffs "dismissed their federal claims and moved for remand with all due speed after removal" because "[t]here was nothing manipulative about that straightforward tactical decision"). Defendant removed this case on July 26, 2022, and Plaintiff represents that she contacted Defendant the following day to discuss her amending the complaint. Dkt. No. 24 at 6. Plaintiff then filed this motion within several weeks after Defendant declined the offer to amend and remand and within the period specified by this Court. Dkt. No. 15 (directing Plaintiff on August 18,

---

[2] Defendant suggests that this case is "well underway." Dkt. No. 23 at 7. But the Court only issued a case management order on August 18, 2022, and just limited discovery has occurred so far. Defendant served its first set of written discovery requests to Plaintiff and scheduled Plaintiff's deposition for October 11, 2022.

2022 to file any motion to remand within 30 days).  In the interim, this Court issued no substantive rulings.  On this record, the Court does not find that Plaintiff acted in bad faith in dismissing her federal claim and seeking remand.  See *Baddie*, 64 F.3d at 491.

      Accordingly, the Court GRANTS Plaintiff's motion to amend the complaint to remove the federal claims and REMANDS the case to state court.

IT IS SO ORDERED.

Date: October 4, 2022                      _____
                                                      Stanley Blumenfeld, Jr.
                                                      United States District Judge